**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 13-cr-00492-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. HECTOR DIAZ,
       a/k/a Hector Diaz-Martinez,
       a/k/a Hector Josue Diaz-Martinez,
       a/k/a Hector J. Diaz-Martinez,
2. DAVID JEFFREY FURTADO,
3. LUIS FERNAND URIBE,
       a/k/a Luis Fernando Uribe,
       a/k/a Luis Fernando Uribe-Cristancho,
4. GERARDO URIBE,
       a/k/a Gerardo Uribe-Cristancho,
       a/k/a Gorardo Uribe-Cristancho,

    Defendants.

## ORDER GRANTING DEFENDANT DAVID FURTADO'S FIRST MOTION TO DISCLOSE GRAND JURY MATERIAL

**Blackburn, J.**

The matter is before me on defendant Furtado's **Motion To Disclose Proceedings Before the Grand Jury** [#128][1] filed May 8, 2014. On May 23, 2014, the **Government's Response to Defendant Furtado's First Motion to Disclose Grand Jury Material [Docket Number 128]** [#136] was filed. The court notes that the government does not object to disclosure of witness testimony presented to the Grand

---

[1] "[#128]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

Jury, and exhibits related thereto, so long as the disclosure is subject to protective terms and conditions. Based on the facts, circumstances, and legal issues presented in this case, the court finds that a compelling need for disclosure of the transcriptions of testimony presented before the Grand Jury on April 22, 2014, and exhibits related thereto, has been shown. The court will grant the motion for disclosure of the transcriptions of Grand Jury testimony presented to Grand Jury on April 22, 2014, and exhibits tendered thereto, pursuant to FED. R. CRIM. P. 6(e)(E)(i) and Rule 16(d).

    **THEREFORE, IT IS ORDERED** as follows:

    1. That defendant Furtado's **Motion To Disclose Proceedings Before the Grand Jury** [#128] filed May 8, 2014, is **GRANTED**;

    2. That the government **MAY PROVIDE** to the active defense counsel of record in this case transcriptions of testimony and related exhibits (whether on paper or by means of electronic media) in relation to the Superseding Indictment returned in the case under consideration;

    3. That receipt of transcriptions of Grand Jury testimony and exhibits related thereto by active defense counsel **SHALL BE SUBJECT** to certain terms and conditions;

    4. That the court **DIRECTS** that copies of Grand Jury transcripts or other material provided to defense counsel of record **SHALL REMAIN** in the personal control of counsel or the confidential employees or professional associates of counsel; provided, however, that the defendants may review the Grand Jury transcripts or material;

    5. That the Grand Jury transcripts and material **SHALL NOT BE ENTRUSTED** to the defendants outside of the presence of counsel or the confidential employees or professional associates of counsel;

6. That printouts for official use only **MAY BE PERMITTED**, and no further publication (to include filing Grand Jury transcripts as an attachment to any pleading) or publication of such Grand Jury transcripts or material **SHALL BE MADE** without permission of the court;

7. That any Grand Jury transcripts or material disclosed pursuant to this order, including copies generated from electronic media, **SHALL BE MAINTAINED** in the confidential files of the attorneys of record or delivered to the United States Attorney's Office after the conclusion of the case; and

8. That any Grand Jury transcript or material received pursuant to this order **SHALL BE USED** for official purposes only.

Dated May 27, 2014, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge

2.